UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-60227-Singhal/Strauss

18 U.S.C. § 1343
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1957
18 U.S.C. § 2
18 U.S.C. § 982(a)(2)
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

vs.

CASSANDRA YOLANDA CLARKE,

Defendant.

_____/

FILED BY _____ SW _____ D.C.

Nov 26, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.     Narotique Beauty Bar Inc. was a company incorporated in the State of Florida.
**CASSANDRA YOLANDA CLARKE** was the president.

2.     Narotique Med Spa LLC was a company registered in the State of Florida.
**CASSANDRA YOLANDA CLARKE** was an authorized member.

3.     Kabbage, Inc. ("Kabbage") was a financial services provider headquartered in
Atlanta, Georgia.

4.     Bluevine Capital Inc. ("Bluevine") was a financial services provider headquartered
in Salt Lake City, Utah.

5.     Celtic Bank was a financial institution headquartered in Salt Lake City, Utah.

6.     Bluevine processed applications for loans under the Paycheck Protection Program ("PPP") funded by Celtic Bank.

7.     Wells Fargo is a financial institution with branches located in the Southern District of Florida.

### COUNTS 1–3
### Wire Fraud
### (18 U.S.C. §1343)

1.     The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.     From on or about April 22, 2020, to on or about August 26, 2020, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### CASSANDRA YOLANDA CLARKE,

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

### PURPOSE OF THE SCHEME AND ARTIFICE

3.     It was the purpose of the scheme and artifice for the defendant to unlawfully enrich herself by, among other things: (a) submitting and causing the submission of false and fraudulent applications for PPP loans made through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic; and (b) diverting the loan proceeds for her personal use and benefit, and the use and benefit of others.

-2-

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means by which the defendant sought to accomplish the purpose of the scheme and artifice included, among other things, the following:

4.      **CASSANDRA YOLANDA CLARKE** submitted and caused the submission of false and fraudulent PPP loan applications on behalf of, among others, Narotique Med Spa LLC and Narotique Beauty Bar Inc.

5.      In furtherance of the scheme, **CASSANDRA YOLANDA CLARKE** created and caused Accomplice 1 to create false and fraudulent documentation for use in PPP loan applications.

6.      Also in furtherance of the scheme, **CASSANDRA YOLANDA CLARKE** submitted and caused the submission of false and fraudulent information and documentation in support of PPP loan applications, including false and fraudulent IRS forms.

7.      As a result of the false and fraudulent PPP loan applications, Narotique Med Spa LLC received a PPP loan in the approximate amount of $420,552.

8.      As a result of the false and fraudulent PPP loan applications, Narotique Beauty Bar Inc. received a PPP loan in the approximate amount of $431,342.

9.      **CASSANDRA YOLANDA CLARKE** used the fraudulently obtained funds to pay for, among other things, the lease of a Bentley Bentayga and luxury purchases at the Bal Harbour Shops.

## USE OF THE WIRES

10.      On or about the dates specified below, in the Southern District of Florida, **CASSANDRA YOLANDA CLARKE**, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false or fraudulent when made, did knowingly transmit and

cause to be transmitted in interstate and foreign commerce, by means of wire communications, certain writings, signs, signals, pictures, and sounds, as particularly described below:

| Count | Approximate Date | Description of Wire |
|---|---|---|
| 1 | April 24, 2020 | Email from **CASSANDRA YOLANDA CLARKE** to Accomplice 1, listing employee names and wages for Narotique Beauty Bar Inc. |
| 2 | June 26, 2020 | Email from Accomplice 1 to **CASSANDRA YOLANDA CLARKE**, attaching an IRS Form W-3 for Narotique Med Spa LLC. |
| 3 | July 2, 2020 | The submission of a PPP application to Kabbage on behalf of Narotique Med Spa LLC. |

In violation of Title 18, United States Code, Sections 1343 and 2.

### COUNT 4
### Money Laundering
### (18 U.S.C. §1956(a)(1)(B)(i))

11.     The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

12.     On or about August 18, 2020, in Miami-Dade County, in the Southern District of Florida, the defendant,

### CASSANDRA YOLANDA CLARKE,

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed, in whole or in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, that is, the purchase of a cashier's check, in the approximate amount

of $18,000, with the memo line "two and a half months salary," from an account ending in 6754 at Wells Fargo.

13.     It is further alleged that the specified unlawful activity is wire fraud, in violation of Title 18, United States Code, 1343.

14.     In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

### COUNTS 5–6
**Money Laundering**
**(18 U.S.C. §1957)**

15.     The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

16.     On or about the dates specified below, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**CASSANDRA YOLANDA CLARKE,**

did knowingly engage in, and attempt to engage in, a monetary transaction affecting interstate commerce, by, through, and to a financial institution, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, as described below:

| Count | Approximate Date | Description of Transaction |
|-------|-----------------|----------------------------|
| 5 | June 4, 2020 | Withdrawal, in the approximate amount of $64,000, from an account ending in 3433 at Wells Fargo. |
| 6 | July 9, 2020 | Withdrawal, in the approximate amount of $42,000, from an account ending in 5842 at BANK OF AMERICA ew |

17.     It is further alleged that the specified unlawful activity is wire fraud, in violation of Title 18, United States Code, Section 1343.

18.     In violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE ALLEGATIONS

1.      The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **CASSANDRA YOLNDA CLARKE**, has an interest.

2.      Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such violation.

3.      Upon conviction of a violation of Title 18, United States Code, Section 1956 and/or Section 1957, as alleged in this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such violation, or any property traceable to such property.

All pursuant to Title 18, United States Code, Sections 982(a)(1) and (a)(2), and the procedures set forth at Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b)(1).

                                        A TRUE BILL

                                        FOREPERSON

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

JONATHAN BAILYN
ASSISTANT UNITED STATES ATTORNEY

-6-

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**

**CASE NO.:** 24-CR-60227-Singhal/Strauss

v.

**CERTIFICATE OF TRIAL ATTORNEY**

**CASSANDRA YOLANDA CLARKE** /

**Superseding Case Information:**

New Defendant(s) (Yes or No) _____

Number of New Defendants _____

Total number of counts _____

**Court Division** (select one)

☐ Miami  ☐ Key West  ☐ FTP

☑ FTL  ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take 5 days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   I   ☑ 0 to 5 days
   II  ☐ 6 to 10 days
   III ☐ 11 to 20 days
   IV  ☐ 21 to 60 days
   V   ☐ 61 days and over

   (Check only one)

   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No)   No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No)   No

15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By:  *Jonathan Bailyn*

Jonathan Bailyn

Assistant United States Attorney

Court ID No.  A5502602

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**:   CASSANDRA YOLANDA CLARKE

**Case No**:  24-CR-60227-Singhal/Strauss

Counts #: 1-3

Wire Fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment:** 20 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 Years
* **Max. Fine:**  $250,000

Count #: 4

Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B)(i)
* **Max. Term of Imprisonment:** 10 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 Years
* **Max. Fine:**  $250,000

Counts #: 5-6

Money Laundering

Title 18, United States Code, Section 1957
* **Max. Term of Imprisonment:** 10 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 Years
* **Max. Fine:**  $250,000

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**